## THURSTON *v.* BULLOWA.

INJUNCTION; MONEY IN BANK; EFFECT OF DECREE.

Money in bank against which an attorney's lien has been unsuccessfully
asserted in a suit to impound it is of necessity discharged by a decree
discharging the lien, and therefore the plaintiffs can no longer detain
the money in bank by an injunction sought by them in a creditors'
bill subsequently filed in order to hold the fund pending the deter-
mination of their alleged rights under the creditors' bill.

No. 2601. Motion submitted May 4, 1914. Decided May 11, 1914.

MOTIONS to recall mandate and for writ of mandamus to pay
over funds under decree denying attorney's lien thereon.
*Dismissed without prejudice.*

Mr. *Fulton Lewis* and Mr. *John Ridout* for the petitioner.

Mr. *R. H. Yeatman* and Mr. *Frank S. Bright,* opposed.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

In this cause, the decree was reversed by this court, and the cause remanded for further proceedings not inconsistent with the opinion. [See ante, 18.] On the mandate, the court below refused to order defendants Lambert and Diggs to turn over to defendant Thurston the money on deposit in the Commercial National Bank, but offered to enter a decree dismissing the bill, with costs.

This suit was to enforce an alleged attorneys' lien against the fund belonging to Thurston and impounded in the bank by Lambert and Diggs to await the determination of the case. The holding that plaintiffs were not entitled to a lien must of necessity operate to discharge the fund. But it is urged by plaintiffs that the fund should still be detained in bank to await the determination of their rights under a creditors' bill which has since been filed, and where in an order of injunction is sought to restrain Diggs and Lambert from turning over the money. We are not here concerned with the doubtful right of plaintiffs to maintain a creditors' bill, but with a proper decree disposing of the present suit, and, as indicated, the final decree must carry with it an order for the release of the fund.

Thurston has petitioned this court to recall the mandate and order the court below to require Diggs and Lambert to turn over the funds to her. We think it unnecessary to recall the mandate for that purpose. With this construction of the opinion before it, the court below will undoubtedly enter a decree dismissing the bill with costs, and ordering defendants Diggs and Lambert to forthwith turn over to defendant Thurston the $2,500 on deposit in the Commercial National Bank, together with all interest earned by said fund, or the interest thereon, while the same has been on deposit in said bank. The motions to recall the mandate and for writ of mandamus are, therefore, dismissed without prejudice, with costs to the appellant to be taxed in the mandate of this court.

*Dismissed without prejudice.*

The Supreme Court of the United States denied a petition for the writ of certiorari April 15, 1914.